UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY HEATER, | : |
| Plaintiff, | : CIVIL ACTION |
| vs. | : |
| | : No.: 22-cv |
| METROPLITAN LIFE INSURANCE COMPANY, | : |
| Defendant. | : |

The Plaintiff, GARY HEATER ("Plaintiff" or "Mr. Heater"), by and through the undersigned counsel, hereby sues the Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("Defendant" or "MetLife") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. Mr. Heater was at all times relevant a plan participant under the Weis Market Short Term Disability Plan (the "Plan").

3. Defendant, MetLife, is a Corporation licensed to do business in the Commonwealth of Pennsylvania. Upon information and belief, MetLife's principal mailing address for purposes of effectuating service of process is 200 Park Avenue, New York, NY 10166.

4. Upon information and belief, MetLife is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of plan benefits, MetLife administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The Plan is an employee welfare benefit plan regulated by ERISA, established by Weis Market's STD Plan, under which Mr. Heater was a participant, and pursuant to which Mr. Heater is entitled to short-term disability benefits. Pursuant to the terms and conditions of the Plan, Mr. Heater is entitled to disability benefits for the duration of the Plaintiff's short-term disability, for so long as Mr. Heater remains disabled as required under the terms and conditions of the plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that MetLife is licensed to transact, and regularly conducts business within the Commonwealth of Pennsylvania. Moreover, Mr. Heater was employed and resides within the Commonwealth of Pennsylvania.

## **CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. Mr. Heater incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Mr. Heater was an employee or former employee of Weis Market and a plan participant under the terms and conditions of the Plan.

9. During the course of Mr. Heater's employment, Mr. Heater became entitled to benefits under the terms and conditions of the Plan. Specifically, while Mr. Heater was covered under the Plan he suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering his disabled as defined under the terms of the Plan.

10. Mr. Heater's disability commenced on December 19, 2021.

11. As it relates to Mr. Heater's current claim for benefits, the short-term disability coverage portion of the Plan defines disability as whether Mr. Heater was able to perform the material and substantial duties of his regular occupation as a Tractor Trailer/Truck Driver.

12. Due to restrictions and limitations arising from a physical "sickness", resulting in "disability" from his regular occupation with Weis Market, Mr. Heater made a claim to MetLife for short-term disability benefits under the Plan.

13. Via letter dated March 30, 2022, MetLife initially notified Mr. Heater that it was denying his claim for short-term disability benefits.

14. Mr. Heater, *pro se,* timely submitted his appeal of MetLife's adverse benefit determination.

15. Via letter dated July 13, 2022, MetLife notified Mr. Heater that it was denying his appeal for short-term disability benefits and thus informing Mr. Heater that he has exhausted his administrative remedies under the Plan.

16. Mr. Heater has fully complied with filing all mandatory administrative appeals required under the Plan.

17. MetLife breached the Plan and violated ERISA in the following respects:

   a. Failing to pay short-term disability benefits to Mr. Heater at a time when MetLife and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Mr. Heater was disabled and unable to work and therefore entitled to benefits.

   b. Precluding Mr. Heater from transitioning his claim from short-term benefits to long term disability benefits.

   c. After Mr. Heater's claim was denied in whole or in part, MetLife failed to adequately describe to Mr. Heater any additional material or information necessary for Mr. Heater to perfect his claim along with an explanation of why such material is or was necessary.

   d. MetLife failed to properly and adequately investigate the merits of Mr. Heater's disability claim and failed to provide a full and fair review of Mr. Heater's claims.

18. Mr. Heater believes and alleges that MetLife wrongfully denied his

4

claim for short-term disability benefits under the Plan, by other acts or omissions of which Mr. Heater is presently unaware, but which may be discovered in this future litigation and which Mr. Heater will immediately make MetLife aware of once said acts or omissions are discovered by Mr. Heater.

19. As a proximate result of the aforementioned wrongful conduct of MetLife under the Plan, Mr. Heater has damages for loss of disability benefits which continues through his return to employment with Weis Market on or about October 13, 2022.

20. As a further direct and proximate result of this improper determination regarding Mr. Heater's claim for benefits, Mr. Heater, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Mr. Heater is entitled to have such fees and costs paid by MetLife.

21. The wrongful conduct of MetLife has created uncertainty where none should exist; therefore, Mr. Heater is entitled to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the Plan.

## REQUEST FOR RELIEF

WHEREFORE, GARY HEATER prays for relief against METROPLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of short-term disability benefits due Plaintiff;

2. Payment of long-term disability benefits due Plaintiff until his return to work on or about October 13, 2022.

3. In the alternative to the relief sought in paragraphs 1 and 2, an

5

order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5 Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6 Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

_____
Marc H. Snyder, Esquire
Attorneys for Plaintiff,
Gary Heater